UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA CHIEKA, | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CARAUSTAR CUSTOM PACKAGING | : | |
| GROUP, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 5, 2008 |

## PETITION FOR REMOVAL OF CIVIL ACTION

Defendant Caraustar Custom Packaging Group, Inc. ("Caraustar") submits this notice and

petition for removal of this civil action from the Superior Court of Connecticut for the Judicial

District of New London to the United State District Court for the District of Connecticut

pursuant to U.S.C. § 1441 *et. seq.* The basis for this removal, as explained below, is that the

defendant is not a citizen of the State of Connecticut, the parties are diverse, and the amount in

controversy exceeds the sum or value of $75,000.00, exclusive of interests or costs.

## GROUNDS FOR REMOVAL

1.    Caraustar is a defendant in a civil action filed on or about August 18, 2008 in the

Superior Court of Connecticut, Judicial District of New London, styled Brenda Chieka v.

Caraustar Custom Packaging Group, Inc., Docket No. KNL-CV-08-4008842-S, which action is

now pending therein (the "State Court Action").

2.    Plaintiff Brenda Chieka is a citizen of the State of Connecticut.

HART1-1484108-2

3.      Defendant Caraustar is a corporation duly organized and existing under of the laws of the State of Delaware, with its principal place of business in Georgia.

4.      Upon information and belief, a copy of the Summons and Complaint in the State Court Action was served and received by Caraustar by in-hand service on August 18, 2008.  This petition is timely filed within thirty days after service of the Summons and Complaint under 28 U.S.C. § 1446(b).

5.      The State Court Action arises out of the Plaintiff's previous employment with Caraustar.  Specifically, the State Court Action alleges the following causes of action: (1) Disability discrimination in violation of Connecticut General Statutes § 46a-60 *et seq.*; (2) gender discrimination in violation of Connecticut General Statutes § 46a-60 *et seq.*; (3) retaliation in violation of § 46a-60 *et seq.*; and (4) violation of Connecticut General Statutes §31-290a.

6.      Pursuant to the Connecticut General Statutes, Plaintiff sets forth a separate demand for relief in which she claims damages in excess of $15,000.00, exclusive of interests and costs.  *See* General Statutes § 52-91 ("[w]hen money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount . . . in demand is fifteen thousand dollars or more, exclusive of interest and costs. . . .").  *See also Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 197 (D. Conn. 2004)("Connecticut does not require a plaintiff to state the precise amount sought in litigation but only requires a plaintiff to allege whether more than $15,000 is in dispute").

7.     Because "the pleadings themselves are inconclusive as to the amount in controversy, federal courts may look outside those pleadings to other evidence in the record." *Id.* at 199 (internal quotation marks omitted).  Specifically, a court may consider a settlement demand made by a Plaintiff in assessing the amount in controversy. *Id.* at 201-02.  In this matter, Plaintiff has made settlement demands that exceed the $75,000 minimum set forth in 28 U.S.C. § 1332(a).

8.     As a result, removal of this action is proper under 28 U.S.C. § 1441(a) because this Court would have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a). Plaintiff and Defendant are diverse in citizenship, and it is reasonably probable that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  The Superior Court in which this State Action was brought is located within the District of Connecticut.

9.     The State Court action includes a workers' compensation claim which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal but does preclude this removal action.

10.    After the filing of this Petition, true and correct copies of a separate Notice of Removal will be sent to Plaintiff's counsel and filed with the Clerk of the Connecticut Superior Court, Judicial District of New London, pursuant to 28 U.S.C. § 1446(d).

11.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Caraustar are attached hereto as Exhibit A.

12.     Caraustar reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

                                   DEFENDANT,
                                   CARAUSTAR CUSTOM PACKAGING
                                   GROUP, INC.

                                   By _____
                                        Frank F. Coulom, Jr. (ct05230)
                                        fcoulom@rc.com
                                        Nicole A. Bernabo (ct19784)
                                        nbernabo@rc.com
                                        Robinson & Cole LLP
                                        280 Trumbull Street
                                        Hartford, CT 06103-3597
                                        Tel. No.: (860) 275-8200
                                        Fax No.: (860) 275-8299


                            **CERTIFICATION**

        This is to certify that a copy of the foregoing was mailed, postage prepaid, on

September 5, 2008, to plaintiff's counsel of record, addressed as follows:

Todd Steigman, Esq.
Madsen, Prestley & Parenteau, LLC
105 Huntington Street
New London, CT  06360


                                   _____
                                   Nicole A. Bernabo

# EXHIBIT A

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**"X" ONE OF THE FOLLOWING:**
*Amount, legal interest or property in demand, exclusive of interest and costs is:*

☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more

*("X" if applicable)*
☐ Claiming other relief in addition to or in lieu of money or damages.

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original of the complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought.  See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

**RETURN DATE** *(Mo., day, yr)* *(Must be a Tuesday)* 9/9/2008

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | CASE TYPE (See JD-CV-1c) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ G.A. NO. | New London | Major 90   Minor |

ADDRESS OF COURT CLERK  WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
70 Huntington Street, New London, CT 06320
TELEPHONE NO. (with area code)
(860)-443-5363

| PARTIES | NAME AND ADDRESS  OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | Chieka, Brenda | 75 Lebanon Road, North Franklin, CT 06254 | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | Caraustar Custom Packaging Group, Inc., | 126 Inland Road, Versailles, CT 06383 | 50 |
| Additional Defendant | Agent for Service: Corporation Service Company | 50 Weston Street, Hartford, CT 06120 | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

☐ Form JD-CV-2 attached

### NOTICE TO EACH DEFENDANT

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly.  The Clerk of Court is not permitted to give advice on legal questions.

| DATE 8/14/08 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court   ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Todd Steigman, Esq. |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) Todd Steigman, Esq., 105 Huntington Street, New London, CT 06320 | TELEPHONE NUMBER (860) 442-2466 | JURIS NO. (If atty. or law firm) 418345 |
|---|---|---|

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
Maritza Munoz, 44 Capitol Avenue, Ste. 201, Hartford, CT 06106
SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. 1 | # DEFS. 1 | # CNTS. 4 | SIGNED (Official taking recognizance; "X" proper box) | ☒ Comm. of Superior Court   ☐ Assistant Clerk | For Court Use Only |
|---|---|---|---|---|---|

FILE DATE

ATTEST: A TRUE COPY
BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
CONSTABLE ... PERSON

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

**ORIGINAL**

STATE OF CONNECTICUT
SUPERIOR COURT

RETURN DATE:  September 9, 2008

| | | |
|---|---|---|
| BRENDA CHIEKA, | : | |
| | : | JUDICIAL DISTRICT OF |
| Plaintiff | : | NEW LONDON AT NEW |
| | : | LONDON |
| v. | : | |
| | : | |
| CARAUSTAR CUSTOM | : | |
| PACKAGING GROUP, INC., | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | AUGUST 14, 2008 |

## COMPLAINT

**COUNT ONE:**   **DISABILITY DISCRIMINATION IN VIOLATION OF
CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

1. Plaintiff, Brenda Chieka, is an individual residing in the State of Connecticut.  At
   all times relevant to this Complaint, Plaintiff was an employee of the Defendant,
   Caraustar Custom Packaging Group, Inc.  Plaintiff is a female who suffers from a
   physical disability, or a chronic physical handicap, infirmity, or impairment, as
   defined under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §
   46a-51.

2. Defendant, Caraustar Custom Packaging Group, Inc. ("Defendant"), is a
   corporation whose principal place of business is in the State of Connecticut.
   Defendant's principal place of business is 126 Inland Road, Versailles,
   Connecticut 06383.  At all times relevant to this Complaint, Defendant was
   Plaintiff's employer.

3. Plaintiff commenced her employment with Defendant in 1991.

4. On or about December 2006, Plaintiff complained to Defendant that it was subjecting her to harassment and unfair treatment, and discriminating against her on the basis of disability in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 et seq. ("CFEPA").

5. On or about March 2007, Plaintiff suffered an injury in the workplace that required medical attention. Defendant had knowledge of Plaintiff's injury, and the fact that she sought medical attention for her injury as a workers compensation claim.

6. On or about November 6, 2007, Plaintiff suffered an injury at the workplace that required medical attention. Plaintiff notified Defendant's general manager of her injury on that date. Despite knowledge of Plaintiff's injury, Defendant allowed her to continue working the remainder of her shift on that date.

7. On or about November 6, 2007, after she had completed her shift, Plaintiff sought medical treatment from the emergency room for her injury.

8. On or about November 7, 2007, Plaintiff went to Concentra Medical Center to obtain further medical treatment for her injury. A member of Defendant's Human Resources department accompanied Plaintiff to Concentra Medical Center, and the medical treatment was processed as a workers compensation claim.

9. On November 7, 2007, the doctor released her to return to work, with restrictions.

10. After Plaintiff sought medical treatment, Defendant suspended her and did not allow her to return to work, even though she was released to return to work.

11. On November 13, 2007, Defendant terminated Plaintiff's employment.

12. Defendant treated Plaintiff differently than similarly situated individuals.

2

13. On February 21, 2008, Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities alleging that Defendant discriminated against her on the basis of her gender and disability, and retaliated against her because she previously opposed unlawful employment practices, in violation of CFEPA. Said charge of discrimination was designated CHRO No. 0840292.

14. On August 7, 2008, Plaintiff received a release of jurisdiction from the Commission authorizing her to commence legal action against Defendant in Superior Court within 90 days. Plaintiff has commenced this action within 90 days of receiving said release.

15. Defendant discriminated against Plaintiff on the basis of her disability in violation of CFEPA. Plaintiff suffered from a physical disability under CFEPA, and Defendant discriminated against Plaintiff because of that disability.

16. Defendant's conduct was intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

17. As a result of the aforementioned conduct, Plaintiff has suffered damages, including, but not limited to, lost wages, lost employment benefits, emotional distress, and loss of enjoyment of life.

18. Additionally, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

**COUNT TWO:**     **GENDER DISCRIMINATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

1-14.    Plaintiff fully incorporates Paragraphs 1 through 14 of Count One into this Count Two as if they were fully alleged herein.

3

15. Defendant discriminated against Plaintiff on the basis of her gender in violation of CFEPA.

16. Defendant's conduct was intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

17. As a result of the aforementioned conduct, Plaintiff has suffered damages, including, but not limited to, lost wages, lost employment benefits, emotional distress, and loss of enjoyment of life.

18. Additionally, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

**COUNT THREE:     RETALIATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

1-14.    Plaintiff fully incorporates Paragraphs 1 through 14 of Count One into this Count Three as if fully alleged herein.

15. Plaintiff engaged in protected conduct by complaining that Defendant subjected her to harassment and discrimination in violation of the CFEPA.

16. Defendant retaliated against Plaintiff because she opposed its unlawful employment practices in violation of CFEPA.

17. Defendant's conduct was intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

18. As a result of the aforementioned conduct, Plaintiff has suffered damages, including, but not limited to, lost wages, lost employment benefits, emotional distress, and loss of enjoyment of life.

19. Additionally, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in pursuing this action.

4

**COUNT FOUR:**    **VIOLATION OF CONNECTICUT GENERAL STATUTES
SECTION 31-290a**

1-14.   Plaintiff fully incorporates Paragraphs 1 through 14 of Count One into this

Count Two as if they were fully alleged herein.

15. Plaintiff's workers compensation claims, and her efforts to exercise her rights

under the Workers Compensation Act, was one of the factors that motivated

Defendant to terminate her employment.

16. Defendant's conduct was intentional, willful, wanton, and in reckless disregard of

Plaintiff's rights.

17. As a result of the aforementioned conduct, Plaintiff has suffered damages,

including, but not limited to, lost wages, lost employment benefits, emotional

distress, and loss of enjoyment of life.

18. Additionally, Plaintiff has incurred, and will continue to incur, attorneys' fees and

costs in pursuing this action.

WHEREFORE, Plaintiff claims A TRIAL BY JURY, judgment against the defendant and:

1. Compensatory damages, including, but not limited to, damages for lost wages and lost employment benefits, emotional distress, and loss of enjoyment of life;

2. Punitive damages pursuant to Conn. Gen. Stat. § 31-290a and Conn. Gen. Stat. § 46a-104;

3. Attorney's fees and costs pursuant to Conn. Gen. Stat. § 31-290a and Conn. Gen. Stat. § 46a-104;

4. Reinstatement, or Front Pay;

5. Interest pursuant to Conn. Gen. Stat. § 37a-3; and

6. Such other relief in equity or law that may pertain.


PLAINTIFF
BRENDA CHIEKA

By: _____

Todd D. Steigman
Madsen, Prestley & Parenteau, LLC
105 Huntington Street
New London, CT 06320
Tele: (860) 442-2466
Fax: (860) 447-9206
E-Mail: tsteigman@mppjustice.com
Juris No. 418345


ATTEST: A TRUE COPY

BRIAN [illegible]
CONNECTICUT STATE MARSHAL
[illegible]

6

STATE OF CONNECTICUT
SUPERIOR COURT

RETURN DATE: September 9, 2008

| | | |
|---|---|---|
| BRENDA CHIEKA, | : | |
| | : | JUDICIAL DISTRICT OF |
| Plaintiff | : | NEW LONDON AT NEW |
| | : | LONDON |
| v. | : | |
| | : | |
| CARAUSTAR CUSTOM | : | |
| PACKAGING GROUP, INC., | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | AUGUST 14, 2008 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs.

PLAINTIFF
BRENDA CHIEKA

By: _____
Todd D. Steigman,
Madsen, Prestley & Parenteau, LLC
105 Huntington Street
New London, CT 06320
Tele: (860) 442-2466
Fax: (860) 447-9206
E-Mail: tsteigman@mppjustice.com
Juris No. 418345

ATTEST: A TRUE COPY

BRIAN FRANCIS PITTS
CONNECTICUT STATE MARSHAL

7